UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FATHER FLANAGAN'S BOYS HOME, | : : : | Case No. 1:18-cv-644 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| PAMELA A. DONLON, | : : | |
| Defendant. | : | |

**ORDER DENYING
DEFENDANT'S MOTION TO DISMISS (Doc. 13)**

This civil case is before the Court on Defendant Pamela A. Donlon's motion to dismiss (Doc. 13) and the parties' responsive memoranda (Docs. 15, 18).

### I. BACKGROUND

For purposes of Defendant's motions to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiff, and (2) take all well-pleaded factual allegations as true. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016).

Plaintiff Father Flanagan's Boys' Home, also known as Boys Town ("Boys Town"), is a non-profit organized and located in Nebraska. (Doc. 1 at ¶ 1). On September 1, 1998, Irene M. Donlon, now deceased, founded the Irene Marie Donlon 8% Charitable Remainder Unitrust ("the Donlon Trust"). (*Id.* at ¶ 5). Irene Donlon served as the trustee, until her death, on May 30, 2003, at which time her daughter, Defendant Pamela A. Donlon, became the sole successor trustee. (*Id.* at ¶¶ 5-6). Pursuant to the Donlon Trust, Irene Donlon would take a small annual percentage, with the entire

remainder going to Boys Town as the charitable beneficiary upon her death. (*Id.* at ¶ 5). However, as of the date of the complaint, Pamela Donlon had not conveyed the remainder of approximately $189,000.00 to Boys Town. (*Id.* at ¶¶ 7, 8). Plaintiff alleges that Pamela Donlon has instead transferred the money to her personal bank account. (*Id.* ¶ 8).

In January 2018, Boys Town was first informed of the existence of the Donlon Trust by Charles Lineback, the attorney who formed the Trust for Irene Donlon. (*Id.* ¶ 9; Doc. 13 at 9; Doc. 15 at 1). Attorney Lineback is the former spouse of Defendant Pamela Donlon—they are now divorced. (Doc. 13 at 9, 12).

Based on these facts, Boys Town alleges that Defendant breached the express terms of the Trust (Count 1), engaged in fraudulent concealment by concealing material facts in order to prevent Plaintiff from discovering its interest in the Trust (Count 2), breached her fiduciary duty to failing to inform Plaintiff of the Trust or to convey the remainder (Count 3), and converted Plaintiff's property as her own by depositing the funds in her personal bank account (Count 4). (Doc. 1 at ¶¶ 15-40). Defendant has filed counterclaims against Boys Town for intentional infliction of emotional distress and abuse of process. (Doc. 14).

Defendant, proceeding *pro se*, filed the instant motion to dismiss asserting that the statute of limitations has run on Plaintiff's breach of fiduciary duty and related claims. (Doc. 13 at 4-13). Defendant alternatively argues that Plaintiff's claims are barred by application of the equitable theories of laches and/or unclean hands. (*Id.* at 13-21).

## II.　STANDARD OF REVIEW

At the motion to dismiss stage, a court can dismiss a claim if "the allegations in the complaint affirmatively show that the claim is time-barred." *G.G. Marck & Assocs. v. Peng*, 762 F. App'x 303, 307 (6th Cir. 2019) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). A motion to dismiss based on the statute of limitations, "can be granted only where the defense appears valid from the face of the Complaint alone." *Navarro v. The Procter and Gamble Co.*, No. 1:17-cv-406, 2019 WL 162638, at *3 (S.D. Ohio Jan. 10, 2019) (quoting *Williams v. Dayton Police Dep't*, 680 F. Supp. 1075, 1077 (S.D. Ohio 1987)). "When the allegations show that relief is barred by the applicable statute of limitations, dismissal is proper under Fed. R. Civ. P. 12(b)(6) for failure to state a claim." *G.G. Marck & Assocs.*, 762 F. App'x at 307.

When assessing a motion to dismiss under Rule 12(b)(6), the court "construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Servs.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has

3

not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

### III. CHOICE OF LAW

A threshold question is which state's law applies in this case. Boys Town filed the complaint in federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, as Boys Town is organized and does business in Nebraska and Pamela Donlon is a resident of Ohio. (Doc. 1 at ¶¶ 1-2). In addition, the lawsuit concerns Plaintiff's entitlement to the remainder of the Donlon Trust, consisting of an estimated $189,000; exceeding the $75,000 jurisdictional threshold. (*Id.* at ¶ 8).

A federal court sitting in diversity must apply the choice-of-law rules of the forum state—in this case Ohio. *Stone Surgical, LLC v. Stryker Corp.*, 858 F.3d 383 (6th Cir. 2017) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Both parties assume that Ohio law governs Plaintiff's claims. The complaint alleges that the Trust was formed in Ohio, where Defendant resides. Based on this information and the parties' application of Ohio law, the Court concludes that the parties are correct in applying Ohio law. *See Asp v. Toshiba Am. Consumer Prods., LLC*, 616 F. Supp.2d 721, 726 (S.D. Ohio 2008) ("When parties acquiesce to the application of a particular state's law, courts need not address choice of law questions.").

### IV. ANALYSIS

**A.     Plaintiff's breach of fiduciary duty claim is not time-barred**

Defendant has moved to dismiss Plaintiff's breach of fiduciary duty "and related claims" as time-barred. Defendant specifically argues that the four-year statute of

4

limitations for breach of fiduciary duty claims under Ohio Revised Code ("R.C.") § 2305.09 accrued at the time of Irene Donlon's death on May 30, 2003, expiring May 31, 2007. (Doc. 13 at 5). In response, Plaintiff argues that the statute of limitations has not run, since Plaintiff did not discover the Donlon Trust or become aware of Defendant's failure to convey the remainder until January 2018. (Doc. 15 at 3).

Under R.C. § 2305.09, the statute of limitations for breach of fiduciary duty claims is four years. *Caghan v. Caghan*, Ohio App., No. 2014 CA 00095, 2015 WL 2194199, at *6 (Ohio Ct. App. May 11, 2015). Ohio courts have held that the "discovery rule"—meaning the statute of limitations is tolled until the misconduct is discovered with reasonable diligence —does not apply to breach of fiduciary duty claims. *Id.* (collecting cases). However, the Supreme Court of Ohio has extended the discovery rule to claims for breach of fiduciary duty that are "based on fraud." *Meehan v. Mardis*, No. C-180406, 2019 WL 4896960, at *5 (Ohio Ct. App. Oct. 4, 2019) (citing *Cundall v. U.S. Bank*, 909 N.E.2d 1244, 1249 (Ohio 2009)); *Cohen v. Dulay*, 94 N.E.3d 1167, 1173-74 (Ohio Ct. App. 2017) (analyzing whether breach of fiduciary duty claim was based on fraud for purposes of the discovery rule); *see also Antioch Co. Litig. Trust v. Morgan*, 644 F. App'x 579, 582 (6th Cir. 2016) ("[C]laims 'for fraud and breach of fiduciary duty based on fraud' are governed by § 2305.09(D)'s four-year statute of limitations 'unless the claim is not discovered despite reasonable diligence.'") (quoting *Cundall*, 909 N.E.2d at 1249)).

Thus, the Court must assess whether Plaintiff has sufficiently alleged that its breach of fiduciary duty claim is "based on fraud." The elements of a fraud claim under Ohio law are as follows:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

*Meehan*, at *3 (quoting *Cohen v. Lamko, Inc.*, 462 N.E.2d 407, 409 (1984)). Further, pursuant to the heightened pleading requirement of Federal Rule of Civil Procedure Rule 9(b), a party must allege the circumstances constituting fraud, including "the time, place, and content of the alleged misrepresentation on which he or she relied." *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 509 (6th Cir. 2007); *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

The complaint alleges that "Defendant concealed material facts, in order to prevent Plaintiff from discovering Plaintiff's interest in the Donlon [Trust], and to prevent Plaintiff from receiving those remaining Funds as expressly called for in the Donlon [Trust]." (Doc. 1 at ¶ 26). Plaintiff further alleges that Pamela Donlon had a duty to disclose the existence of the Trust, that she "fraudulently and knowingly" failed to do so, and that because of this concealment, Plaintiff had no way of knowing about its interest in the Trust and has been deprived that interest. (*Id.* at ¶¶ 31, 32, 34). In addition to explaining to the circumstances of the fraud, the complaint establishes the time-frame as between 2003, the time of Irene Donlon's death, and 2018, when Plaintiff was

6

informed of the fraud, and names Warren County, Ohio as the location the Trust was formed or where performance should have occurred. (*Id.* at ¶¶ 4, 6, 9). Accordingly, the complaint puts Defendant on sufficient notice of the time, place, and manner of the alleged fraud under Rule 9(b).

Under these circumstances, the discovery rule is applicable to Plaintiff's breach of fiduciary duty claim. Because Plaintiff did not discover the fraud until receipt the letter from Pamela Donlon's ex-husband, Charles Lineback, in January 2018, the claim is not time-barred.[1]

Defendant states in her motion to dismiss that the statute of limitations defense "would also appear to apply . . . to any cause of action based on breach of fiduciary duty"—barring all of Plaintiff's claims. (Doc. 13 at 5). However, Defendant's brief only discusses Plaintiff's breach of fiduciary duty claim and does not further develop this argument. Thus, Defendant has failed to meet her burden of showing that the statute of limitations has run with respect to Plaintiff's other claims. *See Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013) ("Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run . . . .").[2]

---

[1] Because the Court finds that Plaintiff's breach of fiduciary duty claim is not time-barred under § 2305.09 due to application of the discovery rule, the Court need not address Defendant's argument that the more lenient statute, R.C. § 5810.05(C), does not apply. (Doc. 13 at 5-8).

[2] Under Ohio law, Plaintiff has the burden of setting forth facts to invoke application of the discovery rule. *Reber v. Lab. Corp. of Am.*, No. 2:14-cv-2694, 2017 WL 3888351, *11 (S.D. Ohio Sept. 6, 2017) (citing *Sheets v. Amcast Indus.*, No. 00CA005, 2001 WL 508367, at *3 (Ohio Ct. App. May 7, 2001)). Here, Plaintiff has done so, by alleging it was not aware of the existence of the Donlon Trust until Lineback's 2018 letter. (*See* Doc. 1 at ¶ 9).

7

### B. Additional arguments concerning Charles Lineback

Defendant also argues that, based on the evidence collected thus far, Charles Lineback, and not the Defendant, was the sole successor trustee of the Donlon Trust. (Doc. 13 at 9). Relatedly, Defendant asserts that she had no knowledge of the existence of the Trust. (*Id.* at 9-10). To support these arguments, Defendant relies on documents submitted as exhibits to her motion to dismiss. These exhibits consist of approximately forty pages, most of which are documents filed in the Warren County Probate Court related to Irene Donlon's estate. (Doc. 13 at 25-59). Defendant has also attached deposition testimony from Defendant's divorce proceedings with Lineback and a letter Defendant sent to Plaintiff's counsel. (*Id.* at 60-62, 63-65).

A court evaluating a motion to dismiss is generally limited to consideration of the complaint and any exhibits attached to the complaint. *Caldwell v. PNC Fin. Servs. Grp., Inc.*, 835 F. Supp. 2d 510, 515 (S.D. Ohio 2011). Federal Rule of Civil Procedure Rule 12(d) states that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56. *All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.*

(emphasis added). Thus, when a court considers matters outside the pleadings to assess a motion to dismiss, the motion is converted to one for summary judgment.

However, a court may consider certain materials outside of the pleadings without converting the motion to one for summary judgment. These materials include, "exhibits attached [to the complaint], public records, items appearing in the record of the case and

8

exhibits attached to the defendant's motion to dismiss <u>so long as they are referred to in the complaint</u> and are central to the claims contained therein." *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (emphasis added)).

Defendant does not ask the Court to convert her motion to dismiss into one for summary judgment, and the Court declines to do so at this early stage of the case. Nevertheless, the Court may consider the probate documents and deposition transcript, filed in the record of the divorce proceeding, as public records to the extent that the documents refute Plaintiff's allegations without converting Defendant's motion into one for summary judgment. *Watermark Senior Living Ret. Cmtys., Inc. v. Morrison Mgmt. Specialists*, 905 F.3d 421, 425-26 (6th Cir. 2018) (considering motions and certain trial transcripts without converting motion to dismiss). As the court in *In re Omnicare, Inc. Sec. Litig.* explained, a court may consider public records to the extent they refute a Plaintiff's claims, as "[f]oreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements." 769 F.3d 455, 466 (6th Cir. 2014) (quoting *Kramer v. Time Warner*, 937 F.2d 767, 774 (2d Cir. 1991)). In addition, the Court may consider the letter Plaintiff received from Charles Lineback informing Plaintiff of the existence of the Donlon Trust, attached to Plaintiff's response brief, as this communication is referenced in the Complaint and is central to Plaintiff's claims. (Doc. 1 at ¶ 9; Doc. 15-1).3

Upon review of these documents and Defendant's arguments, the Court finds that whether Defendant was the successor trustee and whether Defendant had knowledge of the Trust are disputed questions of fact that cannot properly be resolved at this time under the motion to dismiss standard. Further, Defendant's arguments go to the merits of Plaintiff's claims rather than the sufficiency of the allegations contained in Plaintiff's complaint. *See, e.g.*, *Monroe Fed. S&L Ass'n v. NEA Galtier Parking, LLC,* No. 3:12-cv-52, 2012 WL 5830250, at *2 n.4 (S.D. Ohio Nov. 16, 2012) ("Arguing disputed facts and evidence is not appropriate for resolution on a motion to dismiss."); *see also Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 726 (6th Cir. 2010) ("[T]he inquiry on a motion to dismiss is not whether Plaintiff will be successful on the merits, but simply whether her pleadings are sufficient to state a claim upon which relief can be granted.").

The documents provided by Defendant highlight these disputes of fact. The copy of Irene Donlon's will filed with the probate court does not include reference to a charitable trust (Doc. 13 at 30), and one document submitted to the probate court indicates by checkmark that the will did not contain a charitable trust (*id.* at 29). Yet, Plaintiff claims that the charitable Donlon Trust was created in 1998 (Doc. 1 at ¶ 5), and thus, the Trust may not have been reflected in the will, which is dated 1995. Further,

---

[3] The Court is not taking "judicial notice" of the facts contained in these documents. *See In re Omnicare*, 769 F.3d at 465-69 (noting that Federal Rule of Evidence 201 allows courts to take notice "of facts not subject to reasonable dispute").

Irene Donlon's "waiver of notice of probate of will" names her as the "successor trustee" to the "Irene M. Donlon Trust dtd 8/23/2003." (Doc. 13 at 36). The facts are further muddied by the deposition testimony from Charles Lineback regarding the existence of the charitable Donlon Trust, in which he states that he put the money in his trust account *before giving it to Pamela Donlon* in approximately 2005. (Doc. 13 at 61-62). In any event, the Court does not weigh the evidence at this time but finds that the documents do not directly refute Plaintiff's claims, which remain plausible on the facts alleged in the complaint.

Defendant further argues that the statute of limitations has run because Charles Lineback had knowledge of the Trust which can be imputed to Boys Town, as Lineback "should be considered a representative of the beneficiary or a beneficiary surrogate . . . ." (Doc. 13 at 12-13). While the probate documents show that Lineback was involved in administering Irene Donlon's estate, Defendant does not provide support for her legal argument that this role made him an "agent" of the Plaintiff or that knowledge can be imputed under these circumstances. Because Defendant bears the burden of showing the statute of limitations has run, this argument is rejected as insufficiently developed and unpersuasive.

### C. Defendant's defenses of laches and unclean hands

Defendant also argues that application of the equitable doctrines of laches and/or unclean hands is warranted in this case. (Doc. 13 at 13-21). With respect to the laches defense, Defendant more specifically argues that Plaintiff's delay in asserting its claims constitutes "special circumstances" resulting in prejudice to the Defendant, regardless of

whether the statute of limitations has run. (*Id.* at 14-15). Defendant also asserts that Charles Lineback could have informed Plaintiff of the Trust much earlier, faults Plaintiff for not also suing Lineback, and questions Plaintiff's motives for initiating the lawsuit. (*Id.* at 13).

The doctrine of laches may apply when there is "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. *Connin v. Bailey*, 472 N.E. 328, 329 (Ohio 1984). The party asserting that a claim is barred by laches must demonstrate: (1) unreasonable delay, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) material prejudice to the party asserting laches. *Wilkes Assocs. v. Hollander Indus. Corp.*, 144 F. Supp. 2d 944, 955 (S.D. Ohio 2011) (citing *State ex rel. Mallory v. Pub. Emp. Ret. Bd.*, 694 N.E.2d 1356, 1363 (1998)).

Defendant has failed to show that Plaintiff lacks an excuse for the delay or that Plaintiff had knowledge of the wrong. Defendant argues that Charles Lineback was aware of the Trust and could have informed Plaintiff of its existence earlier. However, as discussed above, Defendant has failed to explain how Lineback's knowledge can or should be imputed to the Plaintiff. Plaintiff asserts that it was not informed of the Trust until January of 2018 due to Defendant's alleged fraudulent concealment. Thus, Defendant has failed to demonstrate a lack of excuse or knowledge of the wrong.

Defendant has also not shown that she has been prejudiced by the delay. In order to show prejudice, the moving party must show either (1) a loss of evidence helpful to the case, or (2) that the moving party has changed her position in reasonable reliance on the

12

words or conduct of the party enforcing the claim. *Gordon v. Reid*, No. 25507, 2013 WL 4536887, at *5 (Ohio Ct. App. Aug. 23, 2013). Moreover, the prejudice must be *material* and cannot be inferred from a lapse of time. *Id.* Defendant asserts that if the suit was brought before her divorce, her ex-husband, Charles Lineback, would have shared the burden of paying the potential damages. (Doc. 13 at 15). However, Defendant does not argue that she would not have proceeded with the divorce had the claims been made earlier, so it is unclear how the delay has caused her to change her position *in a way that she would not have otherwise*. Consequently, Defendant has not shown that application of the doctrine of laches is appropriate in this case.

Finally, Defendant argues that Plaintiff's claims are barred under the equitable defense of "unclean hands." Here, Defendant asserts that Plaintiff has engaged in "reprehensible conduct" having sued her instead of Charles Lineback, even though Plaintiff is allegedly aware the Lineback is responsible for failing to convey the remainder of the Donlon Trust. Defendant similarly alleges that Plaintiff tried to conceal the identity of the attorney who informed it of the Trust by not identifying the attorney as Charles Lineback in the complaint. Defendant then returns to the deposition transcript from her divorce proceeding in which Lineback stated that he transferred the remainder of the Donlon Trust to his trust account before conveying it to Defendant—alleging that Plaintiff possessed this transcript at the time it filed the lawsuit.

Defendant's argument that Plaintiff is purposefully suing the wrong person is not well-taken. A plaintiff is the master of his complaint, *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007), and can choose which party to sue. The

Federal Rules of Civil Procedure provide a defendant with the ability to defend against a claim by showing that she is not the proper party or by moving to dismiss a case for failure to join a necessary party. However, Defendant has not demonstrated that she is not a proper party and has not moved to dismiss the case on the latter grounds. Defendant has also not supported her assertion that Plaintiff is pursuing its claims against her with an improper purpose. Plaintiff attached the letter from Charles Lineback to its response and does not dispute that Lineback was the attorney who informed Boys Town of the Trust. In addition, as discussed above, the deposition testimony Defendant relies on quotes Lineback as saying he initially deposited the funds in the trust account *prior to conveying the funds to Defendant*. Thus, Defendant's argument that Plaintiff's claims are barred by the doctrine of unclean hands is not persuasive.

## V. CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

Date: 3/26/2020  */s/ Timothy S. Black*
Timothy S. Black
United States District Judge