# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| FATHER FLANAGAN'S BOYS HOME, | : | Case No. 1:18-cv-644 |
| | : | |
| | : | Judge Timothy S. Black |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| PAMELA A. DONLON, | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT (DOC. 25)

This civil case is before the Court on Defendant Pamela Donlon's motion for summary judgment (Doc. 25) and the parties' responsive memoranda (Docs. 26, 29).

## I. BACKGROUND

This case arises out of a dispute over money allegedly owed to Plaintiff Father Flanagan Boys Home, also known as "Boys Town," by Pamela Donlon, proceeding *pro se*, as alleged trustee of the Irene Marie Donlon 8% Charitable Remainder Trust ("the Donlon Trust"). The Donlon Trust was allegedly created by Donlon's mother, Irene, and was to be donated in its entirety to Boys Town upon Irene's death. (Doc. 1 at ¶¶ 5-6).

After Irene's death, Boys Town alleges that Donlon failed to convey money as required by the trust to Boys Town. Based on her failure to convey the amounts owed, Boys Town asserts four claims against Donlon for breach of trust under Ohio Revised Code § 5810, *et seq*. (Count I), fraud/concealment (Count II), breach of fiduciary duty (Count III), and conversion (Count IV). (Doc. 1). Donlon asserts counterclaims against

Boys Town for intentional infliction of emotional distress (Count I) and abuse of process (Count II).

Donlon moved to dismiss Boys Town's complaint (Doc. 13), which was denied by the Court (Doc. 24). Donlon now seeks summary judgment on all claims asserted by Boys Town (Doc. 25).

In Donlon's motion for summary judgment, she includes a statement of "proposed undisputed facts." (Doc. 25 at 4–19). Boys Towns responds to each statement, disputing each allegation. (Doc. 26). From what this Court has reviewed, there appears to be little, if any, undisputed facts between the parties. Accordingly, and as discussed in further detail, summary judgment in inappropriate and Donlon's motion is denied.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that

2

there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

## III. ANALYSIS

Donlon does not attack each of Boys Town's four claims individually. (Doc. 25 at 19–21). Instead, she contends that this Court "essentially concluded that to prevail in this litigation Plaintiff needs to prove fraud." (*Id*. at 19 (referring to Order Denying Defendant's Motion to Dismiss, Doc. 24)). Thus, because knowledge is an essential element of fraud, Donlon provides a detailed factual account to support her argument that she did not know, and it is undisputed that she did not know, that money in the Donlon Trust was owed to Boys Town. (*See generally*, Doc. 25).

Donlon's analysis does not entitle her to judgment as matter of law.

First, Donlon's conclusion does not accurately reflect this Court's order on the motion to dismiss. The Court's order denying Donlon's motion to dismiss considered whether Boys Town's claims were time barred. The Court analyzed the statute of limitations for breach of fiduciary duty claims because Donlon argued all four of Boys Town's claims were time barred based on the statute of limitations for a breach of fiduciary duty claim. This statute of limitations analysis is not the same as an analysis on the merits of a breach of fiduciary duty claim – or Boys Town's other three claims – which the Court must consider when Donlon moves for summary judgment.[1] Donlon has

---

[1] For example, compare the Court's statute of limitations analysis to the elements of a breach of fiduciary duty claim. To succeed on a breach of fiduciary duty claim under Ohio law, the plaintiff must prove: "'(1) the existence of a duty arising from a fiduciary relationship; (2) a failure to observe the duty; and (3) an injury resulting proximately therefrom.'" *L.F.P.IP, LLC v. Hustler Cincinnati, Inc.*, 533 F. App'x 615, 623 (6th Cir. 2013) (quoting *Thomas v. Fletcher*, No. 17–05–31, 2006 WL 3702699, at *2 (Ohio Ct. App. Dec. 18, 2006))

3

not established why she is entitled to judgment as a matter of law for each claim.

Second, based on the parties' memoranda and supporting documents, there are genuine disputes of material fact. (*See* Docs. 25, 25-1, 26, 27, 29, 30, 31). To provide just one example, the parties dispute the authenticity and existence of certain trust documents. Donlon argues that she never signed or received Charitable Remainder Unitrust ("CRUT") agreements, and that she even is the successor trustee at issue in this case. (Doc. 25 at 4–8). Boys Town argues that there was and is a signed CRUT leaving the remainder of the Donlon Trust to Boys Town; however, was only able to produce an unsigned copy of the agreement. (Doc. 31 at 2–7). These fact issues are at the core of this dispute – whether a CRUT existed entitling Boys Town to the remainder of the alleged Donlon Trust and whether Donlon is the successor trustee of that alleged trust.

Donlon also argues that Boys Town's evidence is inherently untrustworthy because it rests on the testimony of Charles Lineback, her ex-husband, tax and trust attorney, and lay witness who allegedly created documents for the Donlon Trust. (Doc. 25 at 20). Donlon attacks the credibility of Lineback, suggesting certain documents are forgeries created after their divorce, and he has consistently lied and changed his story throughout this proceeding and their divorce proceeding. (Doc. 25 at 11–16). Boys Town disputes these allegations and argues these credibility arguments are not relevant for purposes of summary judgment, except to demonstrate the genuine disputes of material fact. (Doc. 31 at 15–16).

As Boys Town recognizes, this credibility attack is inappropriate for the Court to weigh on summary judgment.[2] From what the Court can tell, the evidence in this case, at its core, is a she-said-he-said dispute. Donlon relies on her own memory and Boys Town relies on the testimony of Lineback. Donlon and Lineback generally dispute every fact or statement the other utters. This evidence is for the factfinder to weigh and consider. Thus, based on the disputed evidence and facts of the parties, summary judgment is inappropriate in this case.

### IV. CONCLUSION

Based upon the foregoing, Defendant's motion for summary judgment (Doc. 25) is **DENIED**.

**IT IS SO ORDERED.**

Date: 3/1/2021

s/Timothy S. Black
Timothy S. Black
United States District Judge

---

[2] The Court is not deciding the relevancy or admissibility of evidence related to Lineback's credibility at this time.